**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CARL EDWIN MARTIN II,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:07-CV-015-A** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Carl Edwin Martin II, TDCJ-ID #1239075, is in custody of the Texas Department

of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

Justice, Correctional Institutions Division.

### C. FACTUAL AND PROCEDURAL HISTORY

In 2002, Martin was charged by indictment with aggravated sexual assault of S.D., a child

younger than 14, involving oral-genital contact (Count One) and indecency with S.D., a child younger than 17, involving sexual contact by touching her breasts (Count Two) in cause number 8881 in the 355th Judicial District Court of Hood County, Texas. (State Habeas R. at 37-38.) The indictment also included an enhancement paragraph alleging a prior felony conviction for possession of a controlled substance. (*Id.*) On May 13, 2004, a jury found Martin guilty on the lesser included offense of sexual assault on Count One and guilty on Count Two. (*Id.*) Thereafter, Martin pled true to the enhancement paragraph, and the trial court assessed his punishment at life imprisonment on each count. (*Id.*) Martin appealed his convictions, but the Second District Court of Appeals affirmed the trial court's judgment on October 13, 2005. *Martin v. Texas*, 176 S.W.3d 887 (Tex. App.–Fort Worth 2005). Martin did not file a petition for discretionary review. Martin filed a state postconviction application for writ of habeas corpus, which was denied by the Texas Court of Criminal Appeals without written order on November 22, 2006. *Ex parte Martin*, Application No. WR-66,309-01, at cover. *See also* http://www.cca.courts.state.tx. Martin timely filed this federal petition.

At trial, S.D. testified that at the age of 11, Martin, her mother's live-in boyfriend, on more than one occasion touched her breasts while playing the "trust" game and on one occasion had an erection. (3Reporter's R. at 42-44) Martin began providing S.D. with cigarettes and marihuana and talking to her about drugs, alcohol, and sex at the age of 13. (*Id.* at 49-52) At age 14, Martin began making threats and doing favors for S.D. in exchange for sexual activity. (*Id.* at 58-82) On one occasion, Martin forced S.D. to have sexual intercourse with him. (*Id.* at 85-89) Martin testified on his own behalf and denied providing marihuana to S.D. or engaging in any sexual misconduct with her. (4Reporter's R. at 143-46, 157) According to Martin, S.D.'s outcrys were in response to

being grounded from seeing a boyfriend or a fight between the two. (*Id.* at 202-05) During the punishment phase, however, Martin admitted that he lied during his testimony in the guilt/innocence phase and admitted to sexually assaulting S.D.'s older sister when she lived at home and to many of the allegations by S.D., including oral-genital contact with S.D. beginning at age 14, breast touching, and one instance of sexual intercourse. He stated that he engaged in the sexual activity as more of a mentor or as a form of punishment and not to gratify his sexual desires. (5Reporter's R. at 110-23)

## D. ISSUES

Martin raises twelve multifarious grounds for relief, which are construed as follows:

(1)      The state failed to disclose and/or preserve impeachment and exculpatory evidence in violation of *Brady* (ground one);

(2)      The trial court abused its discretion in failing to give various jury instructions, admitting certain evidence, and exhibiting judicial bias and misconduct (grounds two, three, five, seven, and twelve);

(3)      The state failed to make an election as to which sexual act(s) it would rely upon for conviction prior to trial (ground six);

(4)      The evidence is insufficient to support his conviction (ground eight);

(5)      He received ineffective assistance of trial and appellate counsel (grounds nine and ten); and

(6)      The Second District Court of Appeals made an improper finding of harmless error (ground eleven). (Petition at 7-8, 10-15).

## E. RULE 5 STATEMENT

Quarterman contends that Martin has sufficiently exhausted his state remedies on the issues presented, except for claim four, enumerated above. (Resp't Answer at 5) 28 U.S.C. § 2254(b)-(c).

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in

state court before requesting federal collateral relief. *See* 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302. In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *See Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure in a procedurally proper manner. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

In Martin's state habeas application, among other claims, he raised his sufficiency-of-the-evidence claim for the first time. Although the Texas Court of Criminal Appeals stated no reasons when it denied the habeas application, a sufficiency-of-the-evidence claim may only be raised on direct appeal and may not be raised in a state habeas proceeding. *See West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Clark v. Texas* 788 F.2d 309, 310 (5th Cir. 1986); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). Indeed, the court in *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004), reaffirmed that where a state habeas applicant challenges the sufficiency of the evidence in a state habeas application and the court subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because it was not cognizable. This procedural default in state court is an adequate state procedural ground barring federal habeas review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801- 07 (1991). Absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been

demonstrated, Martin's fourth claim is procedurally barred from this court's review. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley v. Johnson*, 243 F.3d 215, 219-20 (5th Cir. 2001).

## F. DISCUSSION

### 1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The Act further requires that federal courts give great deference to a state court's factual findings. *See Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and

fact conclusions.  *See Valdez v. Cockrell*, 274, F.3d 941, 948 (5th Cir. 2001).  The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption.  *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## 2. *Brady* Claim

Martin claims the state withheld, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), (1) exculpatory probation and psychological evidence requested in his motion for discovery that he could have used to impeach S.D., (2) notice of the state's intent to introduce evidence of numerous extraneous offenses until seven days (four working days) before trial, and (3) his briefcase containing items linked to his defense.  (Petition at 7; 3Reporter's R. at 22)

There are three components of a *Brady* violation; (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching, (2) the evidence must have been suppressed by the state, either willfully or inadvertently, and (3) prejudice must have ensued.  *See Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).  The record does not show that the state withheld any exculpatory evidence from the defense during Martin's trial to satisfy the first prong of the *Brady* inquiry.

Martin claims that S.D.'s school probation records for truancy and psychological records would have helped establish a time-line of events, inaccuracies in S.D.'s uncorroborated testimony, the nature of their relationship, and S.D.'s need to falsely accuse him. While the state has an affirmative duty to disclose under *Brady*, Martin has not demonstrated that school probation or

psychological records existed, would have been favorable to his defense, and were available to, or in the possession of, the state. There is no general duty on the part of the state or law enforcement to create evidence in the first place. *See United States v. Artega*, 807 F.2d 424, 426 (5th Cir. 1986). Furthermore, Martin was aware of S.D.'s problems in and out of school and with reasonable diligence could have obtained copies of any such records himself prior to trial.

Martin claims that various items in his briefcase confiscated by the bailiff, including pictures, phone bills, a pipe and a cassette recorder, were necessary to rebut the state's case. The prosecution cannot suppress evidence that is not in its possession or that is already known to the defendant. The state bears no responsibility to direct the defense toward potentially exculpatory evidence in the possession of the defense. *See Bigby v. Dretke*, 402 F.3d 551, 574-75 (5th Cir. 2005). Moreover, no support is found for Martin's proposition that a trial court bailiff is an agent of the state.

Finally, Martin claims the state withheld evidence of extraneous offenses until seven days before trial. Information of extraneous offenses the state intends to introduce at trial is not *Brady* material as such information is not material evidence favorable to the defense. The record reflects that Martin was given express notice that the state intended to rely on numerous extraneous offenses at trial, was provided full pretrial discovery of all evidence in the state's possession, and was given the opportunity to cross-examine all witnesses presented by the state. Martin has not demonstrated a *Brady* violation.

### 3. Abuse of Discretion/Trial Court Error and Bias

Martin claims the trial court abused its discretion by (1) failing to give a requested contemporaneous limiting instruction to the jury, (2) admitting victim impact testimony during the guilt/innocence phase of trial over his objection, (3) allowing extraneous offense evidence over his

objection, (4) denying a pretrial evidentiary hearing on the extraneous offense evidence, (5) ignoring his request for notice of the state's intent to introduce extraneous offense evidence, (6) allowing the state to effectively substitute two extraneous offenses in place of the actual indicted offenses, (7) allowing the state's election of an objected to extraneous offense, (8) failing to give the law applicable to the indicted offenses in the jury charge, (9) administering conflicting and confusing instructions in the jury charge, and (10) engaging in judicial misconduct and bias. (Petition at 7-8, 10-15)

A federal court may sua sponte raise the issue of exhaustion. *See Magouirk v. Phillips*, 144 F.3d 348, 356 (5th Cir. 1998). Under his first claim, Martin asserts the trial court abused its discretion by failing to give a contemporaneous limiting instruction at the time extraneous offense evidence of rape was admitted. The Second District Court of Appeals held in its opinion, the last reasoned state decision on one or more of Martin's claims, that any error was forfeited by his failure to make a timely request for such an instruction. *Martin v. Texas*, No. 2-04-233-CR, slip copy at 18-19. This default in state court precludes federal habeas review of the claim.

Martin's claims (8), (9), and (10), raised for the first time in his state habeas application, are also procedurally barred. Although the Texas Court of Criminal Appeals denied Martin's habeas application without stating its reasons, under Texas law, claims that could have been raised on direct appeal but were not cannot be raised in state habeas proceedings. Even constitutional claims are forfeited if the applicant had the opportunity to raise the issue on appeal. *See Ex Parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004). This rule sets out an adequate state ground capable of barring federal habeas corpus review. *See Busby v. Dretke*, 359 F.3d 708, 719 (5th Cir. 2004).

Absent a showing of cause and prejudice or a miscarriage of justice, such showing not

having been demonstrated, Martin's claims (1), (8), (9), and (10) are procedurally barred from this court's review. *See Sawyer*, 505 U.S. at 339-40; *Coleman*, 501 U.S. at 750; *Finley*, 243 F.3d at 219-20.

Martin claims the trial court erred by admitting victim impact testimony by S.D. during the guilt/innocence phase regarding the effect of Martin's abuse on her current relationship with her fiancé and extraneous offense evidence over his objection. A state court's evidentiary rulings are not inherently suspect and are generally not cognizable on federal habeas review of a state conviction. *See Estelle v. McGuire*, 502, U.S. 62, 67 (1991); *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007); *Derden v. McNeel*, 978 F.2d 1453, 1458 (5th Cir. 1983). Even if incorrect, federal habeas relief may be granted only under exceptional circumstances when the evidentiary ruling violates a specific constitutional right or is so egregious that it renders the trial fundamentally unfair. *See Brown v. Dretk*e, 419 F.3d 365, 376 (5th Cir. 2005).

The Second District Court of Appeals agreed that admission of victim impact testimony was an abuse of the trial court's discretion but determined that the error did not rise to the level of constitutional error or, in the context of the entire case against Martin, have a substantial or injuries effect on the jury's verdict or affect Martin's substantial rights. *Martin*, No. 2-04-233-CR, slip copy at 27-31. The court of appeals also agreed that the trial court erred by admitting extraneous evidence of rape but determined that the error did not constitute constitutional error or have a substantial or injurious effect on the jury's verdict or affect Martin's substantial rights.[1] *Martin v. Texas*, No. 2-

---

[1]Other extraneous offense evidence was admissible, as a matter of state law, under article 38.37 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 38.37 (Vernon 2005). Article 38.37 applies to a sexual offense prosecution when the victim of the alleged offense is a child younger than seventeen years of age. The article provides that, notwithstanding (continued...)

04-233-CR, slip copy, at 16-17.  Nor does admission of the evidence constitute constitutional error under federal law.  Admission of the evidence did not deprive Martin of a fundamentally fair trial. *See Herrera v. Collins*, 904 F.2d 944, 949 (5th Cir. 1990).  Assuming the jury believed S.D.'s testimony regarding numerous instances of sexual misconduct by Martin, admission of the complained of evidence was not crucial, critical, and highly significant in the light of the overwhelming evidence of his guilt.  *See Given v. Cockrell*, 265 F.3d 306, 308 (5th Cir. 2001).

Martin claims the trial court erred by admitting extraneous offense evidence without conducting an evidentiary hearing and entering express findings of fact and conclusions of law on the issue.  (Pet'r Reply at 9)  Contrary to his assertion, the trial court held an evidentiary hearing, outside the jury's presence, heard argument and testimony from S.D., and applied the balancing test required under Texas Rule of Evidence 403.  (3Reporter's R. at 3-16.)  Although the trial court did not enunciate its reasons or explain its analysis in making its determination that the probative value of the extraneous offense evidence was not substantially outweighed by unfair prejudice, no support is found for Martin's proposition that a state trial court is constitutionally required to enter written findings of fact and conclusions of law after conducting such a balancing test.

Martin claims the trial court erred by ignoring his request for notice of the state's intent to introduce extraneous offense evidence.  Texas statutory and evidentiary rules provide that a defendant who timely requests notice of the state's intent to introduce extraneous offenses during the state's case-in-chief is entitled to "reasonable notice . . . in advance of trial."  TEX. R. EVID.

---

[1](...continued)
evidentiary rules, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:  (1) the state of mind of the defendant and the child and (2) the previous and subsequent relationship between the defendant and the child. *Id.*

404(b); TEX. CODE CRIM. PROC. ANN. art. 38.37 (Vernon 2005). The state appellate court determined that under the facts and circumstances of Martin's case, the state's notice, given seven days before trial, was adequate and reasonable. *Martin*, No. 2-04-233-CR, slip copy, at 20-24 & n7. A state's interpretation of its own laws or rules is no basis for federal habeas corpus relief since no constitutional question is involved. *See Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981). The states exercise supervision of the trial of state created crimes, and federal courts are compelled to defer to a state court's interpretation of its own criminal laws and rules of criminal procedure. *See Spencer v. Texas*, 385 U.S. 554, 563-64 (1967); *Bronstein*, 646 F.2d at 1050.

Martin claims the trial court abused its discretion by allowing the state to elect to seek convictions, and allowing the jury to convict him, on extraneous offenses not alleged in the indictment and of which he did not receive notice prior to trial. (4Reporter's R. at 61-63) Apparently, Martin is under the mistaken belief that he could be convicted only of the two *specific* offenses alleged in the indictment. First, under state law in cases such as this, multiple commissions of the sexual acts charged in the indictment are not extraneous offenses for evidentiary purposes. *See Brown v. Texas*, 6 S.W.3d 571, 575 (Tex. App.– Tyler 1999, pet. ref'd). The prosecution may present evidence of multiple occurrences of the acts alleged in the indictment and, at the end of its case-in-chief, which is the appropriate time to do so, make an election as to the offense(s) upon which it wishes to seek a conviction. *Id.* A variance in the date(s) between the indictment and the evidence does not invalidate an indictment or a conviction. *Id.* Second, by being charged with an offense, a defendant is put on notice that he may be convicted of any lesser offense coming within the charged offense's elements that is raised by the facts, even when the elements of those potential lesser offenses are not recited in the indictment. *See Allison v. Texas*, 618 S.W.2d 763, 764 (Tex.

Crim. App. 1981); *Day v. Texas*, 532 S.W.2d 302, 313, 315 (Tex. Crim. App. 1975) (op. on reh'g).

In Martin's case, S.D. gave various accounts of each type of offense set forth in the indictment. At the conclusion of its case-in-chief, the state, believing the proof did not demonstrate S.D. was younger than 14 when Martin engaged in his first oral-genital contact with her, elected to proceed on a lesser offense as to Count One, and the trial court charged the jury accordingly. Absent a violation of the Constitution, a federal court will defer to a state court's interpretation of its law for whether a lesser-included-offense instruction is warranted. *See Creel v. Johnson*, 162 F.3d 385, 390-91 (5th Cir. 1998). As to Count Two, the state elected, as it was entitled to do, and the jury was instructed regarding a "breast touching" incident that occurred at a later date than the date alleged in the indictment. Based on the state's elections, the trial judge was able to distinguish the evidence which the state was relying on to prove the particular acts charged in the indictment from the evidence introduced for other relevant purposes. *See Phillips*, 193 S.W.3d at 910. Martin was not surprised by any of the extraneous act evidence because he received notice of the acts from the indictment, through the notice filed by the state, and the state's open file policy. Contrary to his assertion, the trial court did not deny Martin's motion for the state to elect, and, the state, having introduced evidence of multiple acts of sexual misconduct, at the close of its case-in-chief, specifically elected to proceed under Count One on a lesser included offense involving an act of oral-genital contact and under Count Two on a breast-touching incident that occurred when S.D. was fourteen years old. The elections were set out in the jury charge along with a limiting instruction concerning the jury's consideration of extraneous acts of sexual misconduct. Martin has not demonstrated any basis for an alleged due process violation or for a denial of a fundamentally fair trial.

4. Ineffective Assistance of Counsel

Martin claims he received ineffective assistance of trial and appellate counsel. (Petition at 12-14) A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*. *Strickland*, 466 U.S. at 668. *See also Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001), *cert. denied*, 534 U.S. 1163 (2002) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

Martin asserted his ineffective assistance claims in his state habeas application, however the state habeas judge, who was also the trial judge, recommended that the application be denied without conducting an evidentiary hearing. (State Habeas R. at 33.) In turn, the Texas Court of Criminal Appeals denied the application without express findings of fact or written order. *Ex parte Baylor*, 27,994-05 at cover. This constitutes an adjudication on the merits by the Court of Criminal Appeals and is entitled to the presumption of correctness. *See Neal*, 286 F.3d at 235. In the absence of a written opinion or express findings of fact, a federal court may assume that the state court applied

13

correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[2]; *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Thus, assuming the state courts applied the *Strickland* attorney-performance standard to Martin's ineffective assistance claims and made factual findings consistent with their denial of the claims, we defer to the state court's determination unless it appears the decision was: (1) contrary to or involved an unreasonable application of *Strickland*, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the state court proceedings. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002).

Martin's claims are little more than a laundry list of alleged acts and omissions, without explanation of how such acts or omissions constituted deficient performance or how the defense was prejudiced by them. An ineffectiveness claim based on speculation or conclusional rhetoric will not warrant relief. *See Lincecum v. Collins*, 958 F.2d 1271, 1279-80 (5th Cir. 1992). Martin has not met his burden of overcoming the strong presumption that his trial and appellate attorneys were competent. Even if he could show deficient performance, he has not demonstrated that but for counsel's acts or omissions the outcome of his trial or appeal would have been different.

### 6. Harmless Error

Martin claims the Second District Court of Appeals made an improper finding of harmless error. (Petition at 14) The state court recognized two instances of error on the part of the trial court

---

[2]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

in admitting certain evidence.  Martin does not indicate with specificity which instance he now complains of.  Thus, the claim is inadequately developed and is not substantively addressed.

## II.  RECOMMENDATION

Martin's petition for writ of habeas corpus should be DENIED.  All motions not previously ruled upon should be DENIED.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 16, 2008.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 16, 2008, to

serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 26, 2008.


_____/s/    Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE