IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CARL EDWIN MARTIN II, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:07-CV-015-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS FILED APR 29 2008 CLERK, U.S. DISTRICT COURT By _____ Deputy

O R D E R

Came on for consideration the above-captioned action wherein Carl Edwin Martin II ("Martin") is petitioner and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On March 26, 2008, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that the parties file objections, if any, thereto by April 16, 2008. On April 13, 2008, petitioner filed his written objections. Respondent has not made any further response. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a _de_

novo determination of those portions of the proposed findings or recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The Magistrate Judge recommends that Martin's petition be denied. The Magistrate Judge consolidated Martin's twelve grounds for relief, as set forth in his petition, into the following six issues: (1) the state failed to disclose and/or preserve impeachment and exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963); (2) the trial court abused its discretion in failing to give various jury instructions, admitting certain evidence, and exhibiting judicial bias and misconduct; (3) the state failed to make an election as to which sexual act(s) it would rely upon for conviction prior to trial; (4) the evidence is insufficient to support his conviction; (5) he received ineffective assistance of trial and appellate counsel; and (6) the Second District Court of Appeals made an improper finding of harmless error. As the Magistrate Judge discusses at length, Martin is not entitled to relief on any of his claims, one of which (Martin's claim of insufficiency of the

evidence, the magistrate's fourth ground enumerated above) is procedurally barred.

Martin's objections to the magistrate's FC&R that his sufficiency-of-the-evidence claim is procedurally barred are conclusory and non-specific. Martin first re-urges a previous motion for equitable tolling; his remaining points on this claim consist of conclusory statements, which this court need not consider.

Martin's only other specific objection concerns ground four of his petition: the trial court abused its discretion and violated Martin's right to due process by allowing testimony, over Martin's objection for lack of notice, of an extraneous offense. Martin objects that he does not see ground four listed in the FC&R list of issues. The FC&R do not use the term "ground four"; however, several of Martin's other grounds for relief (e.g., grounds five, six, nine, and twelve) state similar claims regarding the trial court's admission of extraneous evidence over Martin's objection. The magistrate judge discusses admissibility of the extraneous offense evidence generally and found that all Martin's claims on this subject were without merit. FC&R, pp. 9 - 11.

The remainder of Martin's objections, although lengthy, are conclusory and essentially reiterate his grounds for relief. The court need not address such nonspecific objections. See Battle, 834 F.2d at 421.

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, denied.

SIGNED April 29, 2008.

JOHN McBRYDE
United States District Judge